## Case No. 17,911.

WISE v. RESLER.

[2 Cranch, C. C. 182.] [1]

Circuit Court, District of Columbia. Nov. Term, 1819.

ACTION BY EXECUTOR FOR RENT — ALIENAGE OF REAL PARTY.

In the year 1796, A. covenanted with B. to pay rent to the "heirs and assigns" of C. a citizen of the United States, who had died in the year 1785, having as his nearest of kin and heir at law, a sister who was then an alien, and a British subject, and who was born and always resided in Scotland; held, that the executor of B. might recover the rents against the executor of A. in an action of covenant for the use of the sister, notwithstanding her alienage.

The parties agreed upon a state of the facts, as follows:—Wise, in 1796, conveyed a lot of ground in Alexandria to Resler, in fee, rendering an annual rent, to be paid "to the heirs and assigns" of one John Adams, a citizen of the United States, who had died in the year 1785, leaving as his next of kin and heir at law, his sister Janette Barrett, who was an alien, born in Scotland, and who always resided there. The rent being in arrear, the executor of Wise brought this action of covenant against the executrix of Resler, to recover the rents for the use of Janette Barrett, the alien heir.

Mr. Swann, for defendant, contended that as this suit was brought for the use of Janette Barrett, her alienage was a bar, because she could not take real estate by descent, nor claim as heir at law.

Mr. N. Herbert, contra.

THE COURT (nem. con.) was of opinion that the plaintiff was entitled to recover.

Judgment for the plaintiff.

[See Case No. 17,912.]

## Case No. 17,912.

WISE v. RESSLER.

[2 Cranch, C. C. 199.] [1]

Circuit Court, District of Columbia. April Term, 1820.

INTEREST ON RENT.

In covenant for rent, interest does not accrue until demand.

In the trial, a question arose, whether the jury was bound to give interest on the rents from the time they became demandable, or from the time of actual demand.

N. Herbert and Mr. Taylor, for plaintiff.
Mr. Swann, for defendant.

THE COURT (MORSELL, Circuit Judge, contra.) The tenant is not in default until demand; and interest ought not to be given

[1] [Reported by Hon. William Cranch, Chief Judge.]

unless from the time of the default of the tenant.

[See Case No. 17,911.]

WISE (SCOTT v.). See Case No. 12,548.

WISE (UNITED STATES v.). See Case No. 16,746.

WISE (VIRGINIA v.). See Case No. 16,972.

## Case No. 17,913.

WISE v. WITHERS.

[1 Cranch, C. C. 262.] [1]

Circuit Court, District of Columbia. Nov. Term, 1805.[2]

JUSTICE OF THE PEACE—LIABILITY TO MILITIA DUTY.

A justice of the peace in the District of Columbia, is not an officer, judicial or executive, of the government of the United States, and is liable to do militia duty.

Trespass for distraining goods for a militia fine; special justification under a warrant, &c.; replication, that the plaintiff was a justice of the peace; demurrer and joinder. The act of 3d of March, 1803 (2 Stat. 215), to provide for the organization of militia of the District of Columbia, excepts from enrolment all those who are exempted from military duty by the laws of the United States; and the act of the 8th of May, 1792 (1 Stat. 272), exempts from military duty "the officers, judicial and executive, of the government of the United States."

THE COURT (CRANCH, Circuit Judge, contra) decided that the defendant, who was a justice of the peace in the District of Columbia, was not an officer, judicial or executive, of the government of the United States.

This judgment was reversed by the supreme court. 3 Cranch [7 U. S.] 331.

WISHART (SLACOM v.). See Case No. 12,933.

WISNER v. BARNETT. See Case No. 17,914.

## Case No. 17,914.

WISNER et al. v. OGDEN et al.

[4 Wash. C. C. 631.] [3]

Circuit Court, District of Columbia. April Term, 1827.

CONSTRUCTION OF WILL — PARTIAL INTESTACY — LIMITATIONS—TRUSTS—SUIT AGAINST EXECUTOR'S ADMINISTRATOR — PARTIES — JURISDICTION — DIVERSE CITIZENSHIP.

1. The testator devised as follows: "I give to my wife, her heirs and assigns, all my estate, real

[1] [Reported by Hon. William Cranch, Chief Judge.]
[2] [Reversed in 3 Cranch (7 U. S.) 331.]
[3] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]